## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN BANKS** <br> 2451 78th Avenue <br> Philadelphia, Pennsylvania 19150 <br><br> vs. <br><br> **SCHWARTZ ENTERPRISES, INC.** <br> 500 South 31st Street <br> Kenworth, New Jersey 07033 <br> **and** <br> **DOMINGO ROCAROCA** <br> 900 Abruzzi Drive <br> Chester, Maryland 21819 | CIVIL ACTION <br><br> NO.: 2:22-CV-01938 |

### *COMPLAINT*

Plaintiff, Ryan Banks, by and through his attorney, hereby files this Complaint against Schwartz Enterprises, In., and Domingo Rocaroca and in suport thereof states as follows:

### *JURISDICTION*

1. The jurisdiction of this Court is based upon 28 U.S.C. §1332 in that this Court has diversity jurisdiction over this matter and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

### *FACTUAL BACKGROUND*

2. Plaintiff, **RYAN BANKS**, is an adult individual who, at all times material hereto, resided at 2451 78th Avenue, Philadelphia, Pennsylvania 19150.

3. Plaintiff, **RYAN BANKS**, was insured under a policy of motor vehicle insurance in

which the named insured had selected the limited tort option pursuant to 75 Pa.C.S. §1705. Limited tort option does not apply in the instant matter as the tortfeasor was operating a vehicle registered in a state other than the Commonwealth of Pennsylvania.

4.  At all times material hereto, Defendant, **DOMINGO ROCAROCA**, is an adult an individual residing at 900 Abruzzi Drive, Chester, Maryland 21819.

5.  At all times material hereto, Defendant, **SCHWARTZ ENTERPRISES, INC.**, was a business entity with offices located at 500 South 31st Street Kenworth, New Jersey 07033.

6.  At all times material hereto, Defendant, **SCHWARTZ ENTERPRISES, INC.**, was the owner of the vehicle operated, managed and controlled by Defendant, *DOMINGO ROCAROCA*, who was then and there acting as the agent, servant, workman and/or employee of Defendant, *SCHWARTZ ENTERPRISES, INC.*, and was acting within the course and scope of that employment for and on behalf of said defendant.

7.  On or about May 20, 2020 at or about 11:30a.m., Plaintiff, **RYAN BANKS**, was operating a motor vehicle traveling in a northbound direction on 11th Street in the left lane at or near its intersection with Callowhill Street, both public highways in City and County of Philadelphia, Commonwealth of Pennsylvania.

8.  On the aforesaid date, time and at the place stated, Defendant, **DOMINGO ROCAROCA**, as the agent, servant, workman and/or employee of Defendant, **SCHWARTZ ENTERPRISES, INC.**, was operating their vehicle in a northbound direction on 11th Street in the right lane and attempted a left turn at Callowhill Street negligently, recklessly and/or carelessly to cause it to suddenly and severely strike the vehicle to it's left occupied by Plaintiff, Ryan Banks as h
ereinbefore described.

## COUNT I
## RYAN BANKS vs. SCHWARTZ ENTERPRISES, INC.

9. The negligence and recklessness of Defendant, **SCHWARTZ ENTERPRISES, INC.**, by and through its agent, servant, workman and/employee, Defendant **DOMINGO ROCAROCA**, consisted of the following without limitation:

   a. Negligently entrusting said vehicle to one who was then and there unfit to operate same;

   b. Failing to supervise their employee, Domingo Rocaroca, to safe operation in their vehicle;

   c. Failing to properly train their employee, Domingo Rocaroca;

   d. Negligently training Defendant, Domingo Rocaroca;

   e. Failing to properly train and supervise their driver, Domingo Rocaroca in the law, regulation and regulations of the state or to operate Defendant's vehicle for a commercial purpose;

   f. Defendant, Domingo Rocaroca to operate Defendant, Schwartz Enterprises, Inc., vehicle on the date of the aforementioned said collision in order to maintain profit for Defendant, Schwartz Enterprises;

   g. Negligence as a matter of law; and,

   h. Negligence in other respects which may well be pointed out at the time of trial.

10. As a result of the aforesaid incident, Plaintiff, **RYAN BANKS**, sustained serious and painful injuries, including but not limited to: lumbar disc herniations, lumbar radiculopathy, aggravation of lumbar degenerative disc disease, cervical disc herniations/protrusions, cervical radiculopathy, aggravation of cervical degenerative disc disease, lumbar sprain and strain, cervical sprain and strain, right shoulder sprain and strain, left shoulder sprain and strain, right ankle sprain and strain, as well as a severe shock to the nerves and nervous system of said Plaintiff and who was otherwise bruised, lamed and disordered, some or all of which may be permanent in nature.

11. The injuries identified hereinbefore as a result of the motor vehicle accident on May 20, 2020 have resulted in permanent serious impairment.

12. As a result of this accident, Plaintiff, **RYAN BANKS**, has been and/or will be obliged to receive and undergo medical attention, has sustained a period of disability as well as loss of earnings and/or earning capacity and/or power and to expend various and large sums of monies for medical services, x-rays, medications, hospitalizations, and/or other various expenses described as "allowable expense," "work loss," and/or "replacement service loss" 75 Pa. C.S. §1701 et seq., and said Plaintiff may be obligated to continue to expend such sums or incur such expenditures for a long and indefinite time in the future.

13. Further, Plaintiff, **RYAN BANKS**, has suffered injuries as identified hereinbefore as a result of the accident of May 20, 2020 which may be in full or in part cosmetic disfigurement, which are or may be permanent, irreparable and severe.

14. As a result of the accident as hereinbefore referred to and as a result of the injuries identified hereinbefore, Plaintiff, **RYAN BANKS**, has and may in the future incur financial expenses or losses which do or may exceed the amount said plaintiff is entitled to recover.

15. Plaintiff, **RYAN BANKS**, avers that said Plaintiff may have sustained other injuries and/or aggravated preexisting conditions as a result of the accident hereinbefore referred to as well as the injuries hereinbefore referred to by Plaintiff, **RYAN BANKS**.

16. As a result of the accident hereinbefore referred to and as a result of the injuries hereinbefore referred to, Plaintiff, **RYAN BANKS**, has suffered great physical pain and mental anguish, all of which may continue in the future.

17. Further, as a result of the incident hereinbefore referred to and as a result of the injuries hereinbefore referred to, Plaintiff, **RYAN BANKS**, has suffered a loss of the enjoyment of

said Plaintiff's usual duties, life's pleasures and activities and a shortening of the life expectancy of said Plaintiff to said Plaintiff's great detriment and loss.

18. Plaintiff, **RYAN BANKS** in no manner contributed to the injuries which resulted from the direct negligence of defendants.

**WHEREFORE,** Plaintiff, **RYAN BANKS** demands compensatory damage against Defendant, Schwartz Enterprises, Inc., individually, and/or jointly and severally with other defendants in the amount in excess of $75,00.00 diversity threshold, plus delay damages, taxable costs and other damages determined to be in the interest of justice.

### COUNT II
### RYAN BANKS vs. DOMINGO ROCAROCA

19. Plaintiff, **RYAN BANKS**, hereby incorporates by reference thereto 1 through 18 as though same or more fully set forth at length herein.

20. The negligence and recklessness of Defendant, **DOMINGO ROCAROCA**, consisted of the following without limitation:

    a.    Negligently entrusting said vehicle to one who was then and there unfit to operate same;

    b.    Failing to have said vehicle under proper and adequate control;

    c.    Operating his vehicle at an excessive rate of speed under the circumstances;

    d.    Failing to warn of the approach of defendant vehicle without due regard for the rights and safety of Plaintiff, Ryan Banks;

    e.    Failing to yield the right-of-way;

    f.    Operating his vehicle in a reckless, dangerous and unsafe manner;

    g.    Failing to make timely application of the vehicle's brakes;

    h.    Failing to maintain a proper lookout;

i. Failing to slow, stop or swerve his vehicle when defendant knew or in the exercise of reasonable care should have known that unless said defendant did so, said defendant's vehicle would cause the aforesaid accident;

j. Turning his vehicle left from the right lane;

k. Operating his motor vehicle in a violation of the Ordinances and the Statute of Pennsylvania of Title 75, §3309, Driving on Roadways, Laned for Traffic;

l. Operating his motor vehicle in a violation of the Ordinances and the Statute of Pennsylvania of Title 75, §3331 (a) Required Position and Method of Turning (2) Left;

m. Operating his motor vehicle in a violation of the Ordinances and the Statute of Pennsylvania of Title 75, §3714, Careless Driving;

n. Operating his motor vehicle in a violation of the Ordinances and the Statutes of Pennsylvania of Title 75, §3736, Reckless Driving;

o. Negligence as a matter of law; and,

p. Negligence in other respects which may well be pointed out at the time of trial.

21. As a result of the aforesaid incident, Plaintiff, **RYAN BANKS**, sustained serious and painful injuries, including but not limited to: lumbar disc herniations, lumbar radiculopathy, aggravation of lumbar degenerative disc disease, cervical disc herniations/protrusions, cervical radiculopathy, aggravation of cervical degenerative disc disease, lumbar sprain and strain, cervical sprain and strain, right shoulder sprain and strain, left shoulder sprain and strain, right ankle sprain and strain, as well as a severe shock to the nerves and nervous system of said Plaintiff and who was otherwise bruised, lamed and disordered, some or all of which may be permanent in nature.

22. The injuries identified hereinbefore as a result of the motor vehicle accident on May 20, 2020 have resulted in permanent serious impairment.

23. As a result of this accident, Plaintiff, **RYAN BANKS**, has been and/or will be

obliged to receive and undergo medical attention, has sustained a period of disability as well as loss of earnings and/or earning capacity and/or power and to expend various and large sums of monies for medical services, x-rays, medications, hospitalizations, and/or other various expenses described as "allowable expense," "work loss," and/or "replacement service loss" 75 Pa. C.S. §1701 et seq., and said Plaintiff may be obligated to continue to expend such sums or incur such expenditures for a long and indefinite time in the future.

24. Further, Plaintiff, **RYAN BANKS**, has suffered injuries as identified hereinbefore as a result of the accident of May 20, 2020 which may be in full or in part cosmetic disfigurement, which are or may be permanent, irreparable and severe.

25. As a result of the accident as hereinbefore referred to and as a result of the injuries identified hereinbefore, Plaintiff, **RYAN BANKS**, has and may in the future incur financial expenses or losses which do or may exceed the amount said plaintiff is entitled to recover.

26. Plaintiff, **RYAN BANKS**, avers that said Plaintiff may have sustained other injuries and/or aggravated preexisting conditions as a result of the accident hereinbefore referred to as well as the injuries hereinbefore referred to by Plaintiff, **RYAN BANKS**.

27. As a result of the accident hereinbefore referred to and as a result of the injuries hereinbefore referred to, Plaintiff, **RYAN BANKS**, has suffered great physical pain and mental anguish, all of which may continue in the future.

28. Further, as a result of the incident hereinbefore referred to and as a result of the injuries hereinbefore referred to, Plaintiff, **RYAN BANKS**, has suffered a loss of the enjoyment of said Plaintiff's usual duties, life's pleasures and activities and a shortening of the life expectancy of said Plaintiff to said Plaintiff's great detriment and loss.

29. Plaintiff, **RYAN BANKS** in no manner contributed to the injuries which resulted

from the direct negligence of defendants.

**WHEREFORE,** Plaintiff, **RYAN BANKS** demands compensatory damage against Defendant, Schwartz Enterprises, Inc., individually, and/or jointly and severally with other defendants in the amount in excess of $75,00.00 diversity threshold, plus delay damages, taxable costs and other damages determined to be in the interest of justice.

### *COUNT III*
### *RESPONDENT SUPERIOR*
### *RYAN BANKS vs. SCHWARTZ ENTERPRISES, INC.*

30. Plaintiff hereby incorporates all the proceeding paragraphs inclusive as if the same was set forth more fully at length herein.

31. Defendant, **DOMINGO ROCAROCA**, at all times relevant and material herein, was a servant, an employee, agent and/or ostensible agent of **SCHWRTZ ENTERPRISES, INC.**, and was acting within the course and scope of his employment.

32. Defendant, **DOMINGO ROCAROCA**'s willful, wanton, gross, negligent, careless and reckless conduct in causing the collision is imputable to his employer, **SCHWARTZ ENTERPRISES, INC**.

33. Accordingly, Defendant, **SCHWARTZ ENTERPRISES, INC.**, is vicariously liable for the aforementioned conduct of the Defendant, **DOMINGO ROCAROCA**, as regards willful, wanton, gross, negligent, careless and reckless operation of a commercial motor vehicle.

**WHEREFORE**, Plaintiff, **RYAN BANKS**, demands judgment against Defendant, **SCHWARTZ ENTERPRISES, INC.**, for both compensatory and punitive damages either individually and/or jointly and severally in an amount in excess of the arbitration limit, plus delay damages and taxable cost.

DION, SOLOMON & SHAPIRO, L.L.C.

BY: _____
XAVIER P. HAYDEN, ESQUIRE
Attorney for Plaintiff
RYAN BANKS
Supreme Court I.D. No.: 56258
1801 Market Street, Suite 606
Philadelphia, PA 19103
P: (215) 561-0877/F: (215) 561-3557
Email Address: Xhayden@dionsolomon.com

*DATED: May 17, 2022*

## *VERIFICATION*

XAVIER P. HAYDEN, ESQUIRE, hereby states that he is the attorney of record in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

                                             XAVIER P. HAYDEN, ESQUIRE
                                             Attorney for Plaintiff
                                             RYAN BANKS

*DATED: May 17, 2022*